Totten, J.,
delivered the opinion of the court.
On the 10th of March, 1842, Robert T. Gupton filed his petition in the District Court of the • United States at Nashville, against his creditors, praying the benefit of the bank- *288 rapt law of August 19, 1841; and such proceeding was had thereon, that he was declared a bankrupt, and on the 13th February, 1843, there was a final decree for his discharge and certificate under the provisions of said law.
On the 2d May, 1841, Connor, McAlister & Co. recovered judgment in the circuit court of Montgomery, against Robert T. Gupton for $3160; and they, in common with other creditors, appeared in said district court, and resisted the discharge of said petitioner as a bankrupt, on the ground that he had wilfully and fraudulently concealed and suppressed a portion of his assets; but, as we have said, their resistance was ineffectual, and he obtained his discharge and certificate.
In November, 1847, Connor, McAlister & Co. caused an alias execution to issue on their said judgment; whereupon the said bankrupt filed his petition in the circuit court of Montgomery, praying that said execution be superseded, and pleading his certificate in bankruptcy in discharge of the judgment.
The defendants gave notice, as required by the bankrupt law, that they would impeach said certificate for fraud, and alledged that in obtaining it, the bankrupt had fraudulently and wilfully concealed and failed to surrender, certain portions of his property specified in the notice. An issue involving this question was submitted to a jury, and they found against the bankrupt, — that he had not made a full and fair surrender of his property, but wilfully concealed it from his creditors in rendering his schedule in the proceedings in bankruptcy ; and they specify in their verdict, the property that had been so concealed and withheld. Whereupon, the court being of opinion, that the certificate was fraudulently obtained, discharged the supersedeas and dismissed the petition; and the plaintiff has appealed in error to this court.
The plaintiff’s counsel now assume and rely upon the de-fence, that as the defendant appeared in the district court and *289 resisted the bankrupt’s discharge, on the ground that he had fraudulently concealed and withheld his property from his creditors, and that matter having- been determined against them in said court, it is to be considered, as to the contesting creditors, as res judicata, and not a proper subject for any future contestation.
As a general proposition, it is certainly true, that the judgment of a court of competent jurisdiction, remaining in force, is conclusive as to the parties and privies upon the matter adjudicated. We do not think, however, that this principle has any application to the present case. It must turn upon a just and proper construction of the statute in question. When the statute introduced and established the principle of voluntary bankruptcy for the benefit of the debtor, it became very material to guard and protect the rights of the creditor against its abuse; and it therefore established another principle, and that is, that a fraudulent bankruptcy shall be of no avail for the debtor against his creditor. If the fraud appear pending his suit against his creditors, no decree of discharge could be made; if it appear afterwards, its effect is to annul and avoid the discharge and certificate, as though they had never been obtained. The proceeding in the bankrupt court is, in effect, the suit of the debtor against his creditors; and it contemplates a full and fair surrender of all his property and effects for their benefit, and a discharge of the debtor from all his liabilities to them. He is entitled to his discharge only upon the condition, that all his property and effects have been fully and fairly surrendered. If he obtained it, without complying with this condition, it was a. fraud upon the law and upon his creditors, and the circumstance that the creditors dissented from it and contested it, does not legalize and perfect the fraudulent transaction, and make it effectual and conclusive against them. The fourth section of the statute provides, that notice shall be given to the creditors, and it states *290 the grounds upon which they may contest the discharge of the debtor. These grounds mainly resolve themselves into one, and that is, — the fraudulent conduct of the debtor. It also prescribes the mode in which the contest shall be conducted, and provides, that: “If, upon a full hearing of the parties, it shall appear to the satisfaction of the court, or the jury shall find, that the bankrupt has made a full disclosure and surrender of all his estate, as by this act required, and has in all things conformed to the directions thereof, the court shall make a decree of discharge, and grant a certificate as provided in this act.”
Now, as to the effect thereof, it is thus provided in the same section: “the discharge and certificate, when duly granted shall, in all courts of justice, be deemed a fall and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act, and shall and may be pleaded, as a full and complete bar to all suits brought in any court of judicature whatever, and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the same shall be impeached for some fraud or wilful concealment of his property or rights of property, as aforesaid, contrary to the provisions of this act.”
The certificate is, prima facie, conclusive as to the validity of the discharge, subject, however, to be impeached for fraud, if any were perpetrated in obtaining it. It may be impeached by any of the creditors against whom it shall be pleaded, whether they contested his discharge or not. This right depends upon the legal effect given to the certificate. It is not absolutely conclusive as to any of the creditors, but may be impeached, and it has no greater or less effect against one creditor than another.
it was in the contemplation of the Legislative mind at the time this law was made, that it might be, as it no doubt may be perverted and abused, and become a fruitful source of fraud *291 and imposition upon the rights of creditors. • To check and guard against this tendency, it adopts in effect the principle before alluded to, that the bankrupt’s certificate, though formally obtained, should be of no avail to him, if it were fraudulently obtained.
So that, if the fact of fraud appear at any time, it may be replied and relied upon as an answer to the plea of the certicate: and this principle applies in favor of all the creditors alike and in common, without regard to the circumstance, that some of them had contested and others acquiesced in the bankrupt’s discharge.
We need hardly say, that if the verdict of the jury in the present case, had been in favor of the bankrupt, it would not be competent for the creditors to renew the issue upon the same matter; it would then have become res judicata; and the principle relied on would then properly apply.
In the district court the issue was, whether the bankrupt was entitled to his discharge: in the State court, the issue was, whether the discharge and the certificate had been fairly or fraudulently obtained, in reference to its effect upon the judgment in question. A final judgment upon this latter question is, res judicata, and conclusive between the parties.
The court did not err in rejecting the proof taken in the district court, and relied upon in this case as an estoppel, because it could not have that effect, if it had been admitted. Nor do we think that any just exception can be taken to the form of the verdict.
Let the judgment be affirmed.